Russell T. LUND, Jr., Lund's Inc. and Wardwell M. Montgomery, Plaintiffs,

v.

CHEMICAL BANK, Defendant.

No. 84 Civ. 1621 (EW).

United States District Court, S.D. New York.

Sept. 18, 1985.

Parker Chapin Flattau & Klimpl, New York City (Steve Reinhardt, New York City, of counsel), for plaintiffs.

John B. Wynne, New York City, for defendant.

Wilson, Elser, Moskowitz, Edelman & Dicker, New York City (Edward J. Boyle, New York City, of counsel), for Laidlaw, Adams & Peck, Inc.

Gruen, Muskin & Thau, New York City (Victor P. Muskin, New York City, of counsel), and Jenner & Block, Chicago, Ill. (Jerold S. Solovy and Joan M. Hall, Chicago, Ill., of counsel), for Reavis & McGrath.

## OPINION

EDWARD WEINFELD, District Judge.

This is a motion for a protective order by Reavis & McGrath, a law firm not a party to this action, to prevent the third-party defendant, Laidlaw, Adams & Peck, Inc. ("Laidlaw"), from conducting depositions of Reavis & McGrath and obtaining documents on the ground that Laidlaw's attorneys, Wilson, Elser, Moskowitz, Edelman & Dicker ("Wilson"), represented Reavis & McGrath until the fall of 1983 in a directly

related securities litigation. Reavis & McGrath also moves, pursuant to Fed.R. Civ.P. 27(c) and 45(b), to bar Laidlaw's discovery requests on the grounds that they are unduly burdensome and oppressive. We first address the motion based on the claim that Wilson represented Reavis & McGrath in a prior litigation, proper consideration of which requires reference to that matter and to the instant litigation.

Reavis & McGrath represented Laidlaw, a brokerage firm, in the preparation and closing of a public offering of the securities of Flight Transportation Corp. ("FTC") in 1981. Laidlaw was one of the underwriters for that offering and Reavis & McGrath acted as attorneys for all underwriters at the closing. Subsequently, FTC's shareholders commenced an action in the United States District Court for the District of Minnesota charging violations of the 1933 and 1934 federal securities acts and various state laws. Reavis & McGrath and Laidlaw were named as two of the defendants in that action.[1] Laidlaw's attorneys in the action, Wilson, also represented Reavis & McGrath. Wilson was designated to so act by Reavis & McGrath's liability insurer. It is alleged, and not denied, that Wilson, in its capacity as Reavis & McGrath's insurance carrier's counsel, had conversations with Reavis & McGrath regarding the FTC litigation. In compliance with a cooperation clause in Reavis & McGrath's insurance policy, Reavis & McGrath discussed with Wilson the facts surrounding Laidlaw's retention of Reavis & McGrath to represent Laidlaw and the syndicate of underwriters in the 1981 offering of FTC securities and the role played by Reavis & McGrath as counsel to Laidlaw and the other underwriters.

The instant litigation arose from allegedly fraudulent transactions that took place at the 1981 closing. During the closing, Laidlaw drafted checks payable to FTC that were indorsed to the plaintiffs. The president of FTC, using allegedly fraudulent and forged power of attorney forms,

---

1. Some of the claims against Reavis & McGrath were subsequently dismissed. *See Antinore v.* *Reavis & McGrath,* 593 F.Supp. 612 (D.Minn. 1984).

indorsed the checks back to Laidlaw as payment for stock he had purchased. Chemical Bank, the defendant in this action, credited the money to Laidlaw's account. The plaintiffs seek recovery from Chemical Bank for the sums paid to Laidlaw. Chemical Bank has impleaded Laidlaw as a third-party defendant seeking indemnity on the ground that Laidlaw, as a prior indorser of the checks, warranted their authenticity. Laidlaw is represented in this action by Wilson.

Laidlaw now seeks to depose Reavis & McGrath regarding the events that took place at the 1981 closing, when the alleged fraudulent transaction occurred, and the reports to Laidlaw regarding the closing. Reavis & McGrath objects to Wilson conducting the discovery on Laidlaw's behalf since Wilson represented Reavis & McGrath in the Minnesota securities suit that also was based, at least in part, upon events attendant upon the 1981 closing. Reavis & McGrath is willing (subject to its claims of burdensomeness) for the discovery to be conducted by a law firm other than Wilson.

█ While the issue here is not one of disqualification, but rather, whether an attorney should be prevented from deposing a former client as a witness, the principles underlying this Circuit's disqualification decisions are relevant. This Court is of the view that Reavis & McGrath has met the "good cause" burden for a protective order prohibiting Wilson from conducting discovery of Reavis & McGrath on Laidlaw's behalf.[2] The litigation in the District of Minnesota and the pending litigation both arose from events that took place at the March 1981 closing in which Reavis & McGrath was acting as counsel for Laidlaw. Reavis & McGrath subsequently discussed those transactions and the firm's relationship to Laidlaw with Wilson when Wilson represented Reavis & McGrath through its liability insurer, as well as Laidlaw.

This Court, in *T.C. Theatre Corp. v. Warner Brothers Pictures, Inc.*,[3] and subsequent decisions of our Court of Appeals,[4] have noted the dangers posed to the confidential nature of the attorney-client relationship when an attorney represents a client whose interests are adverse to the interests of a former client. Here, Laidlaw seeks to conduct discovery of its former attorneys through Wilson, the very same firm that previously represented both Laidlaw and Reavis & McGrath in related litigation. Permitting Wilson to conduct Laidlaw's discovery would enable Wilson to use information possessed solely as a result of its prior representation of Reavis & McGrath.[5] As this Court has noted, "[n]o client should ever be concerned with the possible use against him in future litigation of what he may have revealed to his attorney."[6]

While Reavis & McGrath is not a party to this litigation, there is a very real possibility that the information Laidlaw may obtain as a result of its discovery will lead Laidlaw to assert claims against its former attorneys. In fact, Wilson has already informed Reavis & McGrath that it is considering filing a third-party complaint against the firm on behalf of Laidlaw with respect

2. Fed.R.Civ.P. 26(c).

3. 113 F.Supp. 265 (S.D.N.Y.1953).

4. *See, e.g., Evans v. Artek Sys. Corp.,* 715 F.2d 788, 791 (2d Cir.1983); *NCK Org. Ltd. v. Bregman,* 542 F.2d 128, 133–35 (2d Cir.1976); *Emle Indus., Inc. v. Patentex, Inc.,* 478 F.2d 562, 570–71 (2d Cir.1973).

5. Our Court of Appeals has noted, in the context of criminal cases where witnesses for the Government were previously represented by defendant's counsel, that "[w]hen an attorney examines his former client there would normally be a danger that the attorney might seek to elicit information as to facts that he learned only through his prior representation of the witness." *United States v. Cunningham,* 672 F.2d 1064, 1073 n. 8 (2d Cir.1982), *cert. denied,* 466 U.S. 951, 104 S.Ct. 2154, 80 L.Ed.2d 540 (1984); *see also United States v. James,* 708 F.2d 40, 44 n. 3 (2d Cir.1983). Laidlaw's request to conduct discovery of Reavis & McGrath through Wilson clearly poses this very same danger. *See Board of Educ. v. Nyquist,* 590 F.2d 1241, 1246 (2d Cir.1979).

6. *T.C. Theatre Corp.,* 113 F.Supp. at 269.

to Reavis & McGrath's representation of Laidlaw at the 1981 closing. Laidlaw should not be permitted to obtain an unfair advantage by conducting discovery through counsel shared by both parties in a case arising out of the same events.

■ Wilson asserts that a protective order is inappropriate because "during the brief period that this firm represented Reavis' insurance carrier ... it did not learn any confidences from Reavis."[7] This argument ignores well-established precedent in this Circuit holding that once the confidential relationship between the attorney and the client in a substantially related litigation is shown, the Court will presume such confidences were disclosed to the attorney without inquiring into their nature and extent.[8]

Any prejudice and inconvenience to Laidlaw is not only outweighed by the potential harm to Reavis & McGrath, but is dissolved by the fact that Laidlaw is free to obtain independent counsel for the purpose of conducting its discovery of Reavis & McGrath. Reavis & McGrath does not seek, and this Court's order does not require, the disqualification of Wilson as counsel for Laidlaw at this stage of the litigation. Instead, Laidlaw is merely required to use different counsel for this one purpose only.

Reavis & McGrath also urges the Court to bar any discovery by Laidlaw, arguing that such discovery would be unduly burdensome and oppressive in light of the discovery conducted in the related securities litigation. While many of the events giving rise to the claims in both suits center about events at the 1981 closing, the claims asserted by the plaintiffs in the two cases are different. In this circumstance, Laidlaw's request to depose Anthony Pantaleoni, Richard Palmer, and Warren Nimetz cannot be said to be duplicative or burdensome.

■ Reavis & McGrath has produced all of the documents it possesses with respect to the 1981 closing which have been deposited in a depository in the District of Minnesota. Reavis & McGrath has stated these comprise all documents with respect to the transaction. Since Laidlaw has access to those documents as a party to the securities litigation, Laidlaw's document request is unduly burdensome.

Reavis & McGrath's motion is granted with respect to Laidlaw's document requests. Its motion is granted regarding Laidlaw's deposition requests only insofar as the depositions must be conducted by attorneys other than Wilson, Elser, Moskowitz, Edelman & Dicker.

SO ORDERED.

---

7. Edward J. Boyle Aff., para. 14.

8. *See T.C. Theatre Corp.,* 113 F.Supp. at 268; *see also Government of India v. Cook Indus., Inc.,* 569 F.2d 737, 740 (2d Cir.1978); *Fund of Funds, Ltd. v. Arthur Andersen & Co.,* 567 F.2d 225, 235 (2d Cir.1977).