**SCANTEK MEDICAL, INC., Plaintiff,**

v.

**Angela Chen SABELLA and Accordant Holdings, LLC, Defendants and Third–Party Plaintiffs,**

v.

**Mintz & Fraade, P.C., Fred Mintz, Alan Fraade, Mintz & Fraade Enterprises, LLC, Zsigmond L. Sagi, and Gibraltar Global Marketing LLC, Third–Party Defendants.**

No. 08–CV–453(CM).

United States District Court, S.D. New York.

Sept. 25, 2008.

Alan Peter Fraade, Mintz & Fraade, P.C., New York, NY, for Plaintiff.

Kenneth Sussmane, McCue, Sussmane & Zapfel, P.C., New York, NY, for Defendants and Third–Party Plaintiffs.

DECISION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

McMAHON, District Judge:

In this action plaintiff seeks a declaratory judgment that certain promissory notes and subscription agreements, used as consideration for loans by defendants to plaintiff, are void under New York state law because they violate the state's criminal usury statute. Plaintiff commenced this action in the Supreme Court of the County of New York; defendants removed it to federal court pursuant to 28 U.S.C. § 1332.

Defendants now move this Court to dismiss plaintiff's amended complaint under Fed.R.Civ.P. 12(b)(6). For the reasons set forth below, the motion is granted. However, because plaintiff is free to assert the

trip. *Kirby* has nothing to do with Rule B

attachments.

same statute as an affirmative defense to defendants' counterclaims, the net effect is simply to realign the parties; the criminal usury issue remains in the case.

## Background

Plaintiff Scantek Medical, Inc. ("Scantek"), a Delaware corporation, filed this action in the Supreme Court of the County of New York on December 21, 2007. It sought a declaratory judgment voiding promissory notes and subscription agreements as criminally usurious. (Notice of Removal, Ex. A.) Defendants removed the action to this Court on January 17, 2008 under 28 U.S.C. § 1332. On February 26, 2008 plaintiff filed a motion to remand, which this Court denied on June 24, 2008, 2008 WL 2518619.

On February 1, 2008 plaintiff filed an amended complaint. Plaintiffs claims arise out of loans made by defendants Accordant Holdings, LLC ("Accordant") and Angela Chen Sabella ("Sabella") to plaintiff. (Amended Compl. ¶¶ 5, 14, 26.) Sabella is the only member of Accordant. (Sabella Aff. ¶ 2.) As consideration for these loans, plaintiff executed promissory notes in favor of defendants, as well as Subscription Agreements that entitled defendants to shares of stock in plaintiff. (Amended Compl. ¶¶ 5, 8, 15, 18, 26, 29.) Plaintiff's Amended complaint seeks a judgment declaring that the promissory notes and Subscription Agreements, as well as any shares issued to defendants, are void because they are criminally usurious under N.Y. Penal Law § 190.40. (Id. ¶ 24, 35, 43.)

The defendants moved on February 11, 2008, asking this court to dismiss plaintiff's amended complaint under Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted. Defendants argue that their motion should be granted because; (1) criminal usury is strictly an affirmative defense; (2) plaintiff is estopped from asserting criminal usury; and (3) plaintiff failed to plead usurious intent.

On February 26, 2008, defendants filed counterclaims against plaintiff for, inter alia, breach of contract relating to their loan transactions with plaintiff. On April 17, 2008, defendants reasserted these counterclaims in their answer to the amended complaint, adding additional factual allegations to their counterclaim for common law fraud. On February 27, 2008, defendants also filed a third party complaint, which they amended on April 17, 2008. The amended third party complaint includes claims against Mintz & Fraade, P.C. (the "Mintz Firm"), attorneys for plaintiff, for malpractice and breach of fiduciary duty (Amended Third Party Compl. ¶ 7), and claims against Zsigmond L. Sagi, Scantek's president and largest shareholder, as the result of his personal guarantee on the loan transactions (Id. ¶ 8). On May 5, 2008, plaintiff and third-party defendants filed a motion to dismiss various counterclaims and counts of the third party complaint.

This opinion will address defendants' February 11, 2008 motion to dismiss. An opinion addressing the May 5, 2008 motion to dismiss will follow.

## Discussion

In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), the Supreme Court rearticulated the standard courts should apply on a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6). The Court abandoned the well-settled rule that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), and adopted the following new standard: "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his

'entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Bell Atlantic*, 127 S.Ct. at 1959. To survive a motion to dismiss, plaintiffs "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* Even accepting all of Scantek's factual allegations as true, Scantek fails to provide the grounds for its entitlement to relief because criminal usury is strictly an affirmative defense.

New York's criminal usury statute prohibits a person from knowingly charging interest on a loan at a rate exceeding 25% per annum. N.Y. Penal Law § 190.40. The statute does not provide for civil liability and from 1860 until 1965, corporations were prohibited by law from asserting criminal usury as a defense to claims brought in a civil action. *Hammelburger v. Foursome Inn Corp.*, 54 N.Y.2d 580, 589, 446 N.Y.S.2d 917, 431 N.E.2d 278 (1981). In 1965, New York amended its statute to allow corporations to "interpose[ ] a defense of criminal usury" in civil litigation. N.Y. Gen. Oblig. Law § 5–521(3). The legislature created this exception because it felt that "it would be most inappropriate to permit a usurer to recover on a loan for which he could be prosecuted." *Hammelburger*, 54 N.Y.2d at 590, 446 N.Y.S.2d 917, 431 N.E.2d 278 (citation omitted).

Although corporations like plaintiff can assert criminal usury as a defense, they cannot bring civil claims under the criminal statute. "The statutory exception for interest exceeding 25 percent per annum is strictly an affirmative defense to an action seeking repayment of a loan." *Intima–Eighteen, Inc. v. A.H. Schreiber Co.*, 172

A.D.2d 456, 568 N.Y.S.2d 802, 804 (1st Dep't 1991) (citations omitted). In a New York State Supreme Court case seeking a declaratory judgment that securities offerings were void as usurious loans, the court granted defendants' motion to dismiss stating, "[I]nsofar as the complaint seeks affirmative monetary relief, plaintiff improperly attempts to use a shield created by the Legislative as a sword." *Zoo Holdings, LLC v. Clinton*, 11 Misc.3d 1051(A), 814 N.Y.S.2d 893, 893 (Sup.Ct.2006). In another New York Supreme Court Case, the court determined that the defendant corporation's counterclaim for usury was barred under New York law and that "the affirmative defense may only be asserted as an offset to plaintiffs' claims only to the extent that it is alleged that plaintiffs have engaged in criminal usury." *Donenfeld v. Brilliant Techs. Corp.*, No. 600664/07, 20 Misc.3d 1139(A), 2008 WL 4065889, at *1 (N.Y.Sup.Ct. July 14, 2008).

Plaintiff cites only one case, *Durst v. Abrash*, 253 N.Y.S.2d 351, 22 A.D.2d 39 (1st Dep't 1964), in support of its argument that there is no bar to a corporation's bringing a declaratory judgment action to have a loan declared void as criminally usurious. However, *Durst* involved an appeal from an order denying defendant's motion to compel arbitration. *Id.*, 22 A.D.2d at 40, 253 N.Y.S.2d 351. Furthermore, the plaintiff seeking declaratory judgment was an individual, as opposed to a corporation, and she was not subject to the laws prohibiting corporations from asserting offensively what they could not assert defensively—usury.[1]

Since criminal usury is strictly an affirmative defense, I am granting defendants' motion to dismiss plaintiffs claims. However, I question what defendants sought to gain in making it. As Scantek correctly

---

1. In 1964, the year *Durst* was decided, corporations were prohibited from asserting both civil and criminal usury as a defense.

asserted, defendants have already opened themselves up to the use of criminal usury as an affirmative defense by interposing counterclaims seeking repayment on their loans. (Pl. Mem. at 7.) I must also note that defendants devoted much of their motion papers to arguing that Scantek is estopped from asserting criminal usury because it induced reliance on the legality of the transaction, an issue that cannot be decided in a motion to dismiss.

## Conclusion

For the foregoing reasons, defendants' motion to dismiss is granted. Since all that remains are defendants' counterclaims and third party complaint, I am realigning the parties. I will address the pending motion to dismiss the counterclaims and counts of the third party complaint in a separate opinion.