**SCANTEK MEDICAL, INC., Plaintiff,**

v.

**Angela Chen SABELLA,
et al., Defendant.**

**No. 08 Civ. 453(CM)(HBP).**

United States District Court,
S.D. New York.

Dec. 12, 2008.

Alan Peter Fraade, Mintz & Fraade, P.C, New York, NY, for Plaintiff.

Kenneth Sussmane, McCue Sussmane & Zapfel, P.C., New York, NY, for Defendants.

## MEMORANDUM OPINION AND ORDER

PITMAN, United States Magistrate Judge:

### I. *Introduction*

In Docket Item 68, plaintiff Scantek Medical Inc. ("Scantek") moves to compel non-party witness Mark Stepniewski to comply with a subpoena for testimony and documents served by Scantek. In Docket Item 75, Stepniewski cross moves for a protective order either disqualifying plaintiff's counsel, the law firm of Mintz & Fraade, P.C. ("M & F"), from conducting his deposition or quashing the subpoena. For the reasons set forth below, Scantek's motion is granted, and Stepniewski's cross motion is denied.

### II. *Facts*

I note, by way of background that this is, in essence, a collection action. Defendants Angela Chen Sabella and Accordant Holding, L.L.C. ("Accordant") allege, among other things, that they lent approximately $825,000 to Scantek, that the debt is now due and owing and that Scantek has failed to repay the debt. Among other things, Scantek alleges that the debt is void because it violates New York's criminal usury statute. N.Y. Penal L. § 190.40. The material allegations are set forth in greater detail in three opinions of the Honorable Colleen McMahon, United States District Judge, familiarity with which is assumed. *Scantek Medical, Inc. v. Sabella*, 583 F.Supp.2d 477 (S.D.N.Y.2008); *Scantek Medical, Inc. v. Sabella*, 582 F.Supp.2d 472 (S.D.N.Y.2008); *Scantek Medical, Inc. v. Sabella*, 08 Civ. 453(CM), 2008 WL 2518619 (S.D.N.Y. June 24, 2008).

The present dispute arises out of Scantek's attempt to obtain testimony and documents from Stepniewski. There appears

to be no dispute that Stepniewski introduced Sabella to Scantek, and it appears, therefore, that he is an appropriate deposition witness. Nevertheless, Stepniewski claims that it is inappropriate for Scantek's attorneys—M & F—to take his deposition because M & F formerly represented him and, as Stepniewski's counsel, had access to Stepniewski's confidences. Of particular importance here is Stepniewski's claim that, in connection with Sabella's loan to Scantek, M & F represented both sides of the transaction (Sabella and Scantek) in addition to representing Stepniewski himself. Stepniewski has not, however, produced any retainer agreement nor has he produced any evidence that he paid M & F for any legal services. Stepniewski does not offer any correspondence between M & F and himself circumstantially corroborating the existence of an attorney-client relationship. Thus, apart from the statements in Stepniewski's affidavit, there is no evidence that M & F represented Stepniewski in connection with the events that give rise to this litigation.

M & F admits that it formerly represented Stepniewski on several unrelated matters. It denies, however, that it represented Stepniewski in connection with the transaction that gives rise to this action.

### III. *Analysis*

 A motion to disqualify an attorney is committed to the discretion of the District Court. *Cresswell v. Sullivan & Cromwell*, 922 F.2d 60, 72 (2d Cir.1990); *Cheng v. GAF Corp.*, 631 F.2d 1052, 1055 (2d Cir.1980), *vacated on other grounds*, 450 U.S. 903, 101 S.Ct. 1338, 67 L.Ed.2d 327 (1981). When deciding a motion to disqualify counsel, a court must balance "the need to maintain the highest standards of the profession" against "a client's right freely to choose his counsel." *Hempstead Video, Inc. v. Inc. Vill. of Valley Stream*, 409 F.3d 127, 132 (2d Cir.2005) (citations omitted).

 In view of their potential for abuse as a tactical device, motions to disqualify opposing counsel are subject to particularly strict scrutiny. *See Correspondent Servs. Corp. v. J.V.W. Inv., Ltd.*, 99 Civ. 8934(RWS), 2000 WL 1174980 at *14 (S.D.N.Y. Aug. 18, 2000), *citing Lamborn v. Dittmer*, 873 F.2d 522, 531 (2d Cir.1989); *Decora Inc. v. DW Wallcovering, Inc.*, 899 F.Supp. 132, 135 n. 2 (S.D.N.Y.1995). Courts are also chary to grant motions to disqualify because such motions "impinge[ ] on a party's right to employ the counsel of its choice." *Unique Sports Generation, Inc. v. LGH–III, LLC*, 03 Civ. 8324(JGK)(DF), 2005 WL 2414452 at *13 (S.D.N.Y. Sept. 30, 2005) (citation and internal quotations omitted); *see also D.R.T., Inc. v. Universal City Studios, Inc.*, 02 Civ. 0958(BSJ)(JCF), 2003 WL 1948798 at *2–*3 (S.D.N.Y. Apr. 24, 2003) ("[M]otions to disqualify counsel are generally disfavored. Courts are reluctant to grant such motions because they are often tactically motivated . . . and have an immediate adverse effect on the client by separating him from counsel of his choice[.]" (internal quotation marks and citations omitted)); *First Trust Nat'l Assoc. v. Moses & Singer*, 99 Civ.1947(JSM), 2000 WL 1093054 at *6 (S.D.N.Y. Aug. 4, 2000) ("Motions to disqualify opposing counsel are viewed with disfavor because they impinge on a party's right to employ the counsel of its choice."); *A.I. Credit Corp. v. Providence Washington Ins. Co.*, 96 Civ. 7955(AGS)(AJP), 1997 WL 231127 at *1 (S.D.N.Y. May 7, 1997) ("Motions to disqualify opposing counsel are viewed with disfavor [principally because] disqualification of counsel impinges on a party's right to employ counsel of choice." (citations omitted)). Finally, courts are also reluctant to grant motions to disqualify because they inevitably result in delay and added expense. *Evans v. Artek Sys. Corp.*, 715 F.2d 788, 792 (2d Cir.1983) (disqualification

motions "inevitably cause delay"); *D.R.T., Inc. v. Universal City Studios, Inc., supra,* 2003 WL 1948798 at *2 (motions to disqualify "cause undue delay [and] add expense"). For all these reasons, "the Second Circuit requires a high standard of proof on the part of the party seeking to disqualify an opposing party's counsel ...." *Kubin v. Miller,* 801 F.Supp. 1101, 1113 (S.D.N.Y.1992), *citing Gov't of India v. Cook Indus., Inc.,* 569 F.2d 737, 739 (2d Cir.1978); *accord Occidental Hotels Mgmt. B.V. v. Westbrook Allegro L.L.C.,* 440 F.Supp.2d 303, 309 (S.D.N.Y.2006); *Evans v. Artek Sys. Corp., supra,* 715 F.2d 788 at 791 (same); *Paramount Communications, Inc. v. Donaghy,* 858 F.Supp. 391, 394 (S.D.N.Y.1994) (same).

■ Disqualification of counsel based on his prior representation of a witness is analyzed on the same basis as a motion for disqualification based on prior representation of an adverse party. *See Lund v. Chemical Bank,* 107 F.R.D. 374, 376–77 (S.D.N.Y.1985) (in resolving motion to disqualify counsel from examining non-party witness, court relied on authorities addressing motion to disqualify counsel based on prior representation of a party now adverse to counsel). Disqualification is warranted when three conditions are met:

> (1) the moving party is a former client of the adverse party's counsel; (2) there is a substantial relationship between the subject matter of the counsel's prior representation of the moving party and the issues in the present lawsuit; and (3) the attorney whose disqualification is sought had access to, or was likely to have had access to, relevant privileged information in the course of his prior representation of the client.

*Evans v. Artek Sys. Corp., supra,* 715 F.2d at 791; *accord DeFazio v. Wallis,* 459 F.Supp.2d 159, 163–64 (E.D.N.Y.2006); *Decora Inc. v. DW Wallcovering, Inc., su-*

*pra,* 899 F.Supp. at 136. Where the second element is satisfied, there is an irrebuttable presumption that the third element is also satisfied. *Tiuman v. Canant,* 92 Civ. 5813(JFK), 1994 WL 198690 at *3 (S.D.N.Y. May 19, 1994); *Gov't of India v. Cook Indus., Inc.,* 422 F.Supp. 1057, 1060 (S.D.N.Y.1976), *aff'd,* 569 F.2d 737 (2d Cir. 1978).

There is no dispute that the first element is satisfied. M & F concedes that it represented Stepniewski with respect to at least five matters: (1) a confidentiality agreement concerning the exchange of information between two companies; (2) a 2001 action against Stepniewski and his wife to collect unpaid dental bills; (3) a claim by Stepniewski in 2003 for a finders fee; (4) a claim by Stepniewski in 2004 for a finders fee, and (5) a prospective corporate merger that was active between 2003 and 2007 (Affidavit of Alan P. Fraade, Esq., sworn to October 22, 2008 at ¶ 14).

■ The foregoing five representations do not, however, satisfy the second element—that a substantial relationship exists between the subject matter of the counsel's prior representation of the moving party and the issues in the present lawsuit.

> The [substantial relationship] test is met "if the relationship between issues in the prior and present cases is 'patently' clear[,] ... 'identical' or 'essentially the same.' " *Government of India,* 569 F.2d at 739–40 (internal citations and quotations omitted); *Arifi [v. de Transport du Cocher, Inc.],* 290 F.Supp.2d [344] at 349 [ (E.D.N.Y.2003) ]; *Peacock Holdings [v. Massachusetts Mut. Life Ins. Co.],* 1996 WL 285435 at *8 [ (E.D.N.Y. May 23, 1996) ].

Where an attorney's representation of a client is general in nature, he may be disqualified from representing an adverse party in later litigation, but only if the later litigation puts at issue the

client's entire background. *USFL [v. National Football League]*, 605 F.Supp. [1448] at 1459 [ (S.D.N.Y.1985) ]; *Polaroid [Erisa Litigation]*, 354 F.Supp.2d [494] at 498 [ (S.D.N.Y.2005) ]; *see also Cleverly Limited [v. Anthony Sicari Apparel Group Industries, Inc.]*, 2003 WL 161317 at *5 [ (S.D.N.Y. Jan. 23, 2003) ]. If, on the other hand, the client's background is not at issue, an attorney's knowledge of the client's general business and financial background is not a proper basis for disqualification. *USFL*, 605 F.Supp. at 1460.

Where, as here, the prior representation is limited to litigation, the issue is whether the material facts in the prior litigations are the same as those involved in the present representation. *USFL*, 605 F.Supp. at 1459. If there is present a common factual question, the substantial relationship test is satisfied. *Id.; see Guerrill Girls [v. Kaz]*, 2004 WL 2238510 at *3 [ (S.D.N.Y. Oct. 4, 2004) ] ("it is the congruence of factual matters ... that establishes a substantial relationship") (citation omitted). Where the only allegation of similarity is the attorney's alleged insight into the former client's "general 'litigation thinking,'" similarity is not established. *Vestron v. National Geographic Society*, 750 F.Supp. 586, 595 (S.D.N.Y.1990); *see also Wieme [v. Eastman Kodak Co.]*, 2004 WL 2271402 *6 [ (W.D.N.Y. Sept. 7, 2004) ]; *Matthews [v. LeBoeuf, Lamb, Greene & MacRae]*, 902 F.Supp. [26] at 31 [ (S.D.N.Y.1995) ]. As noted by the court in *Vestron*, adoption of such a standard would mandate disqualification in "virtually every instance of successive representation" which "clearly is not the law." *Id.*

*Hickman v. Burlington Bio–Medical Corp.*, 371 F.Supp.2d 225, 230 (E.D.N.Y. 2005).

The prior representations simply have no relationship whatsoever to the present dispute—there are no overlapping factual or legal issues, and the prior representations do not involve a general representation of Stepniewski such that his entire background would have been disclosed to M & F. Thus, if the only representations that existed were the five representations to which M & F admits, the resolution of the motion would be easy.

 The disputed fact that complicates the resolution of this motion is Stepniewski's claim that M & F represented both him and Scantek in the transaction that give rise to this litigation. The only evidence of this alleged representation is Stepniewski's affidavit.[1] I find his affidavit to be insufficient to satisfy the "high standard of proof [required] on the part of the party seeking to disqualify an opposing party's counsel ...." *Kubin v. Miller, supra*, 801 F.Supp. at 1113. First, Stepniewski has not offered a shred of documentary evidence to corroborate his claim of an attorney-client relationship—no retainer agreement, no evidence of payment and no correspondence suggesting the existence of such a relationship. Second, Stepniewski appears to be an individual of some sophistication; he was formerly employed as a securities sales representative. *See Prete v. Lepore*, 125 F.R.D. 572, 574

---

1. In an effort to support his claim of multiple representations, Stepniewski cites two unrelated transactions in which M & F represented both sides (Affidavit of Mark Stepniewski, sworn to October 10, 2008 ("Stepniewski Aff."), Exs. A & B). In light of Federal Rule of Evidence 404(b), these transactions prove nothing. Stepniewski also cites an unverified pleading from a state court action brought in Ohio in which M & F is accused of simultaneously representing multiple parties (Stepniewski Aff., Ex. C). It is fundamental that unproven allegations are not proof of their content, and even if they were proven, they too would also have no relevance in light of Rule 404(b).

(D.Conn.1989). As a sophisticated individual it seems unreasonable that he would enter into a transaction sharing the same attorney as a party of potentially adverse interest. Third, the timing and nature of Stepniewski's assertion impugn its credibility. Stepniewski, who is now represented by the same counsel as Sabella and Accordant, alleges that M & F not only represented Scantek and himself, but also simultaneously represented Sabella and Accordant (Stepniewski Aff. ¶ 10). If that were true, it is odd that Sabella and Accordant did not move to disqualify M & F at the inception of this action and also odd that they do not join in Stepniewski's motion. Accordingly, I conclude that Stepniewski has not established that M & F represented him on a substantially related matter and that he has not offered sufficient credible evidence to warrant a hearing on the issue.

■■■ Since Stepniewski has not established the second element of the tripartite test for disqualification, it is not necessary to address the third element.[2]

IV. *Conclusion*

Accordingly, for all the foregoing reasons, Scantek's motion to compel Stepniewski to comply with the subpoena that Scantek has served on him is granted in all respects and Stepniewski's cross-motion to disqualify M & F from taking his deposition or, in the alternative, quashing the subpoena that has been served on him, is denied in all respects.

SO ORDERED.

---

**2.** I note that Stepniewski also claims that he has shared many confidences with M & F over the years as a result of personal and business relations he has had with the principals of the firm. I am aware of no legal authority, and Stepniewski has cited none, that prevents an attorney from using information, even confidential information, that the attorney has learned in a non-privileged and non-professional relationship.